# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| United Property & Casualty Insurance, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:16-cv-2926-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph Steven Hunter, Sr., June Doe as parent and natural guardian on behalf of Jane Doe, a minor under the age of 18, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendant Joseph Steven Hunter, Sr.'s motion to dismiss (ECF No. 6) and Plaintiff United Property & Casualty Insurance's motion to amend (ECF No. 7). For the reasons set forth herein, United's motion is granted. Accordingly, Hunter's motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

This declaratory judgment action arises out of underlying litigation filed in the Beaufort County Court of Common Pleas. United seeks a declaration that no coverage is available to Hunter or his wife in the underlying case, which involves Hunter's abuse and molestation of a minor child. Hunter filed his motion to dismiss on November 8, 2016. In lieu of a response, United filed a competing motion to amend the complaint on November 23. Hunter did not file a response to that motion. Accordingly, these matters are now ripe for consideration.

## STANDARD OF REVIEW

The two motions before the Court involve a common scenario: defendant moves to dismiss the complaint for failure to state a claim and plaintiff seeks leave to file an amended complaint. In such a scenario, the question of whether "justice . . . requires" the court to grant

leave to amend the complaint, Fed. R. Civ. P. 15(a)(2), becomes a matter of deciding whether the proposed amended complaint adequately states a claim for relief. *See Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) ("If an amendment would fail to withstand a motion to dismiss, it is futile. Thus, if the well-pleaded facts in the proposed new complaint do not amount to a showing that the plaintiff is entitled to relief, the court should deny a motion for leave to amend." (citations and quotation marks omitted)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Our courts use a "two-pronged approach" to assess the legal sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the court must accept as true all of the facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Then, it determines whether those presumed-true allegations "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## **DISCUSSION**

United seeks a declaratory judgment in this case on the issue of whether Hunter's abuse of the minor child implicates United's insurance policy. The minor child has brought claims against Hunter in state court, and recently amended her complaint to supplement her allegations against Hunter, as well as adding several new allegations. Hunter argues in his motion that as a

result of the amended state court complaint, United's claim for a declaratory judgment based on the initial state court complaint is moot. In response, United requests the Court's leave to amend its complaint to incorporate the allegations of the amended state court complaint. As discussed above, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend a pleading when justice so requires. The Court concludes that justice requires that United's motion to amend be granted. Hunter will not be prejudiced by any amendment, and amendment is necessary in order for the complaint in this case to accurately reflect the allegations in the state court complaint.

The operative question in this scenario is whether United's proposed amended complaint adequately sets forth a claim for relief in the face of the objections Hunter poses in his Rule 12(b)(6) motion. The Court concludes that it does. Hunter's motion to dismiss is based solely on the mootness of the initial state court complaint. Because United's proposed amended complaint incorporates the allegations of the amended state court complaint, Hunter's lone mootness argument does not carry over to the proposed amended complaint. Thus, because Hunter has not asserted any other reasons why United's proposed amended complaint fails to state a claim, it is essentially uncontested that the new complaint states a claim upon which relief may be granted. As a result, the Rule 15(a)(2) inquiry must be resolved in United's favor, and United be permitted to amend its complaint.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that United's motion to amend is **GRANTED**, and Hunter's motion to dismiss is **DENIED**.

  **AND IT IS SO ORDERED.**

                   PATRICK MICHAEL DUFFY
                   United States District Judge

**December 8, 2016**
**Charleston, South Carolina**