**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| United Property & Casualty Insurance, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:16-cv-2926-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph Steven Hunter, Sr., Rose Wadford | ) | |
| Hunter, and Mary Roe, individually and | ) | |
| as parent and natural guardian on behalf | ) | |
| of Jane Doe, a minor under the age of 18, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Joseph Steven Hunter, Sr.'s motion to dismiss this case for failure to join a necessary party under Rule 19 (ECF No. 12). For the reasons set forth herein, Joseph Hunter's motion is denied.

## BACKGROUND/PROCEDURAL HISTORY

This declaratory judgment action arises out of underlying litigation filed in the Beaufort County Court of Common Pleas. United seeks a declaration that no coverage is available to Hunter or his wife, Rose Hunter, in the underlying case, which involves Joseph Hunter's alleged abuse and molestation of a child. Joseph Hunter filed his motion to dismiss on January 18, 2017. On February 1, United responded in opposition, while Defendant Mary Roe responded in support. Joseph Hunter replied on February 6. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

"Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry for courts to determine whether a party is necessary and indispensable." *Home Buyers Warranty Corp. v.*

*Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks omitted).  "The first question under Rule 19(a) is whether a party is necessary to a proceeding because of its relationship to the matter under consideration."  *Id.* (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999) (internal quotation marks omitted)).  "If a party is necessary, it will be ordered into the action."  *Owens–Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).  "Second, if the party is necessary . . . the court must decide under Rule 19(b) whether the proceeding can continue in that party's absence."  *Hanna*, 750 F.3d at 433 (quoting *Teamsters*, 173 F.3d at 917–18 (internal quotation marks omitted)).

"Rule 19 is not to be applied as a 'procedural formula.'"  *Id.* (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)).  "Decisions must be made pragmatically, in the context of the substance of each case."  *Id.* (quoting *Patterson*, 390 U.S. at 199 n.16) (internal quotation marks omitted).  Additionally, "courts must take into account the possible prejudice 'to all parties, including those not before it.'"  *Id.* (quoting *Owens–Ill., Inc.*, 186 F.3d at 441).  "While dismissal of a case is a 'drastic remedy that should be employed only sparingly,' it is required if a non-joined party is both necessary and indispensable."  *Id.* (quoting *Keal*, 173 F.3d at 918).  The burden is on the party raising the defense to make the required showing under Rule 19, *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005), and the Rule 19 inquiry is left to the sound discretion of the Court, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.  v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) (citing *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980)).

## DISCUSSION

Joseph Hunter's motion to dismiss for failure to join a necessary party is based on United's alleged failure to join Rose Hunter, as well as several other insurers.  In his reply, Joseph Hunter concedes that Rose Hunter's presence in the case moots his argument as to her joinder.  Thus, the only question before the Court is whether the other insurers are necessary parties, and, if so, whether they are indispensable and require that the case be dismissed.

The Court concludes that Joseph Hunter has failed to meet his burden of proving that the other insurance carriers are necessary parties.  As stated above, "the burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence."  5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1359 (3d ed. 2007).  "To discharge this burden, it may be necessary to present affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence."  *Id.*  If the moving party fails to discharge their burden, the Rule 12(b)(7) motion to dismiss should be denied.  *See, e.g., Alexander Contracting Co. v. Nat'l Trust Ins. Co.*, No. 1:14-CV-002423-ELR, 2015 WL 11347588, at *4 (N.D. Ga. July 8, 2015) ("Because [the movant] has not satisfied its evidentiary burden, the Court cannot dismiss this case for failure to join an indispensable party.").

Joseph Hunter has not attached any exhibits to his motion to dismiss or to his reply that would indicate whether any of the absent insurers actually insure the Hunters.  Because the Court is not certain based on the evidence before it whether the absent insurers even issued policies to the Hunters, much less what interests those insurers might or might not have in this action, any determination by the Court as to the absent insurers' necessity in this case would necessarily be

based on speculation.  As a result, it is plain that Joseph Hunter has failed to meet his burden of proof, and the Court must deny his motion.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Joseph Hunter's motion to dismiss for failure to join an indispensable party is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 27, 2017**
**Charleston, South Carolina**